UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF H. ANGELO & COMPANY, INC., a Florida corporation, Plaintiff—Appellant,

v.

BRIMHALL–PALMER CONSTRUCTION, INC., a corporation, et al., Defendants—Appellees.

No. 01–17259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Decided March 27, 2003.

Before: LEAVY, RYMER, and PAEZ, Circuit Judges.

MEMORANDUM *

H. Angelo & Company (Angelo), subcontractor on an employee-housing construction project at Grand Canyon National Park, appeals the district court's summary judgment in favor of the general contrac-

---

* This disposition is not appropriate for publica-  tion and may not be cited to or by the courts

tor, Brimhall–Palmer Construction, Inc. (Brimhall), and its surety, St. Paul Insurance Company (St.Paul). We affirm.

Angelo's appeal turns on whether it adduced sufficient evidence of the amount of damages to survive summary judgment. Our review is de novo, so it does not matter whether the district court was "misled" by exclusion of Angelo's expert or overlooked a Rule 26 disclosure identifying Henry Angelo as a witness, as Angelo contends. Instead, we focus on the heart of Angelo's position that it provided enough evidence to create a genuine issue of material fact about damages.

## I

■ Angelo argues that its damages may be determined by the total cost method. In Angelo's view, damages calculated under this method do not depend on the claims prepared by its consultant, George Frank, but rather are supported by Henry Angelo's affidavit. It believes that the Henry Angelo affidavit creates a genuine issue of material fact as to total cost damages.

The total cost method is generally available only where damages cannot be precisely calculated as a practical matter. *See, e.g., Elte, Inc. v. S.S. Mullen, Inc.,* 469 F.2d 1127, 1131 (9th Cir.1972) (approach appropriate where the plaintiff "has produced the best evidence available and if it is sufficient to afford a reasonable basis for estimating his loss ... [and the] amount of the damage is incapable of exact ascertainment."); *New Pueblo Constructors, Inc. v. Arizona,* 144 Ariz. 95, 696 P.2d 185, 195–96 (1985). There is no indication that the nature of Angelo's damages made it impossible or impracticable to ascertain them with reasonable accuracy; the problem is that Angelo relied upon Frank for its damages calculation, and Frank's evidence was excluded. That decision is unappealed.

Having put its eggs into the Frank basket, Angelo did not disclose total cost evidence. Nor does Henry Angelo's declaration create a triable issue of fact about the impracticality of calculating damages. That exclusion of the Frank evidence makes it difficult to prove damages does not suffice; the difficulty must arise in the nature of the damages, and there is no showing that it does. Accordingly, no basis appears in this record for Angelo to invoke the total cost method.

## II

■ Angelo also submits that it adduced enough evidence to create a genuine issue of fact on damages as shown by the difference between the bid price and actual costs in Henry Angelo's declaration, and by exhibits incorporated by reference from other motions relating to four areas in which Brimhall allegedly breached its duties or inequitably retained benefits (differing site conditions, wrongfully withheld liquidated damages, arbitrary enforcement of limit liens, and failure to provide temporary power and water). Although the Henry Angelo declaration claims a total cost amount and attaches a Vendor Balance Detail from which he says that it is derived, the exhibit is simply a list of figures that, if offered at trial, would not show entitlement to a recovery of damages on any theory. Beyond this, the exhibits to which Angelo points may show the *fact* of damage, but they show nothing about the *amount* of damages that could be proved under any available theory. As this was the shortcoming in Angelo's case that was the subject of summary judgment, its failure to adduce evidence on a viable theory of recovery is fatal.

## III

■ Finally, Angelo argues that it is entitled to recover quantum meruit dam-

of this circuit except as provided by Ninth Circuit Rule 36–3.

ages. Quantum meruit recovery is unavailable under Arizona law where services are performed pursuant to a valid contract. *See USLife Title Co. of Ariz. v. Gutkin,* 152 Ariz. 349, 732 P.2d 579, 584–85 (App. 1986). Nevertheless, Angelo contends that it should be able to seek damages for unjust enrichment on the basis that it did not receive the benefit of its contractual bargain. *See id.,* 732 P.2d at 585. Assuming that Angelo's legal analysis is correct, there is no evidence to support its assertion that it did not receive the benefit of its subcontract with Brimhall. The change orders to which Angelo refers in its reply brief do not indicate that Angelo was not paid for the work reflected. Thus, Angelo has failed to show Brimhall–Palmer's enrichment at its expense. *See Landi v. Arkules,* 172 Ariz. 126, 835 P.2d 458, 467 (App.1992) (plaintiff must show that the other party was unjustly enriched at its expense).

AFFIRMED.